# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN GRAHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendants. | Case No. 1:21-cv-01822-AWI-CDB (SS)<br><br>ORDER DENYING STIPULATED REQUEST TO SUPPLEMENT THE ADMINISTRATIVE RECORD<br><br>(ECF No. 18) |

　　　　Petitioner Adrian Graham ("Petitioner") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Petitioner's claim for disability benefits under the Social Security Act.  (ECF No. 1).

　　　　On November 23, 2022, the parties filed a stipulation requesting to supplement the certified administrative record with information relating to plaintiff's medical condition that was previously submitted to the Appeals Council of the Social Security Administration.  (ECF No. 18).  The parties note the Appeals Council did not admit into the administrative record the additional medical evidence submitted by Petitioner.  *Id*. at 2.  The Appeals Council "refused to consider or enter it into the administrative record" a three-page medical report from Michael A. Sommer, M.D., because the evidence did not show a reasonable probability that it would change the outcome of the decision.  *Id*.  Further, the Appeals Council "refused to consider or include into the administrative record" a three-page physician's statement from Jameel Shahzada, M.D.

and a one-page letter from Kyle Heron, M.D., as this additional evidence did not relate to the period at issue and thus does not affect the decision about whether Petitioner was disabled on or before December 31, 2020. *Id*. at 2-3.

The parties claim evidence submitted to the Appeals Council as part of a claimant's request for review of an ALJ's decision should be included into the Certified Administrative Record for the court's review. *Id*. at 3. The Ninth Circuit has distinguished between evidence the Appeals Council "considered" and evidence the Appeals Council merely "looked at" to determine whether the additional evidence was incorporated into the record. *Cf. Brewes v. Comm'r of Soc. Sec, Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012), *with Amor v. Berryhill*, 743 Fed. App'x 145, 146 (9th Cir. 2018) (*citing Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003)) (unpublished). Evidence the Appeals Council considers becomes part of the administrative record as "evidence upon which the findings and decision complained of are based." *Brewes*, 682 F.3d at 1162 (citing 42 U.S.C. § 405(g)). In contrast, where "the Appeals Council only looked at the evidence…the new evidence did not become part of the record" and the court may not consider it. *Amor*, 743 Fed. App'x at 146.

Based on the record and the parties' pleadings, it is apparent the Appeals Council did not consider the evidence but merely looked at it. *See* (ECF No. 18 at 2-3) ("the Appeals Council…refused to consider"). Therefore, the additional documents the parties requested be supplemented to the certified administrative record were not a part of the record and may not be considered by this Court. *Lowry*, 329 F.3d at 1024.

Accordingly, it is HEREBY ORDERED, the parties stipulated request to supplement the record (ECF No. 18) is DENIED.

IT IS SO ORDERED.

Dated: __November 30, 2022__  
UNITED STATES MAGISTRATE JUDGE