UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN GRAHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:21-cv-01822-AWI-CDB<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND FOR COURT COSTS PURSUANT TO 28 U.S.C. § 1920<br><br>(Do. 26) |

    Pending before the Court is the parties' stipulated motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and for court costs pursuant to 28 U.S.C. § 1920. (Doc. 26). The parties agree to an award of attorney's fees to Plaintiff Adrian Graham's ("Plaintiff") counsel in the amount of $7,600.00 pursuant to EAJA, 28 U.S.C. § 2412(d), and costs in the amount of $402.00 under 28 U.S.C. § 1920. *Id*.

    On October 6, 2022, Plaintiff requested Andrew T. Koenig be substituted as his counsel. (Doc. 14). The Court granted Plaintiff's request on October 11, 2022. (Doc. 15). On January 20, 2023, the Court granted the parties' stipulated motion for a voluntary remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (Doc. 24). Judgment was entered the same day. (Doc. 25). Plaintiff now requests an award of attorney fees and expenses as the prevailing party. (Doc. 26); *see*

*Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The Commissioner did not oppose the requested relief. (Doc. 22).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff' requests an award of $7,600.00 in EAJA fees. (Doc. 26). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum hourly rate for 2022 ($234.95),[1] the requested award would amount to approximately 33 hours of attorney time (not accounting for any paralegal time expended). The Court finds this reasonable and commensurate with the number of hours an attorney would need to have spent reviewing the voluminous certified administrative record in this case (1609 pages) and preparing a motion for reconsideration. (Doc. 21). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 23-25).

Plaintiff additionally seeks $402.00 in costs under 28 U.S.C. § 1920 for the filing fees

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March 20, 2023).

1 incurred at Doc. 1. Under the EAJA, the Court may award a judgment of costs to the prevailing
2 party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Costs include, among other things,
3 court filing fees. *See* 28 U.S.C. § 1920; *Armstrong v. Astrue,* No. CIV-S-07-1456-DAD, 2008
4 WL 2705023, at *2 (E.D. Cal. Jul. 9, 2008) (granting prevailing plaintiff's request for
5 reimbursement of filing fee).

6 EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset
7 Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner
8 determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset
9 allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

10 Accordingly, it is HEREBY ORDERED:

11 1. Plaintiff's request for attorney's fees pursuant to the EAJA and request for court costs
12    (Doc. 26) is GRANTED;
13 2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in
14    the amount of $7,600.00. Unless any offsets are applied under TOP, the government shall
15    make payment of the fees to Plaintiff's counsel Andrew T. Koenig, in accordance with
16    Plaintiff's assignment of fees and subject to the terms of the stipulation; and
17 3. Plaintiff be awarded $402.00 in costs under 28 U.S.C. § 1920.

18 IT IS SO ORDERED.

19 Dated:   **March 20, 2023**
20                                             UNITED STATES MAGISTRATE JUDGE

3